UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2018 MAY -3 PM 3: 14

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | JUDGE |
| vs. | 2:18 cr 94 |
| JOHN R. CACARO, | INFORMATION |
| Defendant. | Judge Watson |
| | 18 U.S.C. § 2 |
| | 18 U.S.C. § 1343 |
| | 18 U.S.C. § 1957 |
| | FORFEITURE ALLEGATION |

THE UNITED STATES ATTORNEY CHARGES:

## COUNT 1
### (18 U.S.C. § 1343: Wire Fraud)

At all times relevant to this Information:

1. From in or about at least 2011, through in or about the time of this Information, the defendant, **JOHN R. CACARO**, was doing business as Employers Choice Plus, LLC, which had its principal place of business in West Chester, Ohio, which is located within the Southern District of Ohio.

2. From in or about at least 2011, through in or about the time of this Information, the defendant, **JOHN R. CACARO**, doing business as Employers Choice Plus, was an authorized signatory and controlled accounts at Fifth Third Bank.

3. Employers Choice Plus was classified by the Ohio Bureau of Workers' Compensation as a Professional Employment Organization. As such, on a semi-annual basis, as required by the state of Ohio, Employers Choice Plus was responsible for processing the payroll and electronically remitting insurance premium payments to the Ohio Bureau of Workers' Compensation on behalf

of its client employers.

## The Scheme to Defraud

4. From in or about at least 2011, through in or about at least June 2013, the defendant, **JOHN R. CACARO**, devised and intended to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, to wit: the defendant devised a scheme to underreport the wages of Employers Choice Plus's client employers to the Ohio Bureau of Workers' Compensation, despite having collected the correct amounts from the client employers.

5. It was part of the scheme to defraud that the defendant, **JOHN R. CACARO**, doing business as Employers Choice Plus, sent its client employers accurate payroll invoices, which included Ohio Bureau of Workers' Compensation insurance premiums. These invoices were subsequently paid to Employers Choice Plus by its client employers.

6. It was further part of the scheme to defraud that the defendant, **JOHN R. CACARO**, used his position at Employers Choice Plus to direct his employees to inaccurately report payroll figures to the Ohio Bureau of Workers' Compensation. Despite having collected the correct amounts from its client employers, Employers Choice Plus underreported the wages of its client employers to the Ohio Bureau of Workers' Compensation, which resulted in inaccurate or minimized insurance premiums being assessed and paid.

7. It was further part of the scheme to defraud that the defendant, **JOHN R. CACARO**, utilized the excess funds for personal use.

## The Wire Communication

8. On or about the date set forth below, in the Southern District of Ohio and elsewhere, the defendant, **JOHN R. CACARO**, for the purpose of executing and attempting to execute the

2

scheme described above, transmitted and caused to be transmitted, by means of wire communication in interstate and foreign commerce, the signals and sounds described below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1 | 08/27/2013 | Wire transfer to the Ohio Bureau of Workers' Compensation from Employers Choice Plus's Fifth Third Bank account x0182 in the amount of $37,315.66. |

**All in violation of 18 U.S.C. §§ 1343 and 2.**

## COUNT 2
### (18 U.S.C. § 1957: Money Laundering)

1. Paragraphs 1–3 of Count 1 of the Information are re-alleged and incorporated here.

2. On or about May 31, 2013, in the Southern District of Ohio and elsewhere, the defendant, **JOHN R. CACARO**, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer/withdrawal of monies and deposit of monetary instruments, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343.

**All in violation of 18 U.S.C. §§ 1957 and 2.**

### FORFEITURE ALLEGATION

1. The allegations contained in Counts 1–2 of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of any of the offenses in this Information, the defendant, **JOHN R. CACARO**, shall forfeit to the United States of America, pursuant to Title 18, United States

Code, Section 982(a)(2)(A), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, and any property involved in the offenses, including but not limited to, a sum of money equal to the amount of proceeds the defendant obtained as a result of the offenses.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

**All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).**

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

*/s/ Jessica H. Kim*

**JESSICA H. KIM (0087831)**
**Assistant United States Attorney**